Pfeifer, J.,
dissenting.
{¶ 34} That the trial court erred by including an instruction on remote cause in its jury instructions is not at issue in this case — the majority recognizes that the court of appeals’ holding on that issue is not before the court. This court accepted jurisdiction in this case merely to review the issue whether the trial court’s error was prejudicial. We normally rely on courts of appeals to make that kind of record-intensive determination. Whether the non-unanimous jury (the vote was six to two in defendants’ favor) was misled in this case remains unresolved. The majority makes a cogent case that the jury’s interrogatory answers are not evidence of prejudice, but that does not mean there was no prejudice. The remote-cause instruction may have provided the pathway for the majority of the jury to reach a defense verdict. Regardless, although undoubtedly important to the parties involved, this case is about this case only, and with no one’s personal liberty at stake, it does not meet this court’s jurisdictional requirement of a case “of public or great general interest.” Ohio Constitution, Article IV, Section 2(B)(2)(e). I would hold that jurisdiction was improvidently allowed.